LOTTINGER, Judge.
This is a suit resulting from an automobile collision, in which the petitioner, Wenceslas Boudreaux, seeks recovery from the liability insurer of the other party to the collision, Floyd J. Conques. The Lower Court awarded judgment in favor of defendant and dismissed the suit. Petitioner has taken this appeal.
The accident in question occurred on Sunday, June 26, 1955 between the hour of 5:00 and 5:30 p. m. The scene of the accident was the highway running from Lafayette to Youngsville, Louisiana, at approximately one and one-fourth miles north or northeast of Youngsville. The highway is a concrete highway of approximately twenty feet in width, with shoulders on either side of approximately ten feet. The weather was dry, and the roadway was straight at the point of impact. The petitioner was traveling in a northeasterly direction from Youngsville to Lafayette, and the defendant’s assured was traveling in the opposite direction. The drivers were alone in their respective vehicles at the time of the accident. Travelers Indemnity Company, defendant herein, had a public liability insurance policy on the vehicle of Floyd J. Conques with limits of $5,000-$10,000-$5,000. All the above facts are agreed upon by stipulation.
The record discloses that shortly prior to the, accident, petitioner was driving his 1949 Pontiac automobile in a northerly direction at a speed of about 35 m. p. h. At the same time, Mr. Conques was driving his vehicle in a southerly direction along .the same highway at a speed of approximately 55 m. p. h. There .is no question raised by either party as to excessive speed by its opponent, and ■ it appears that both *543 vehicles were traveling within a lav/ful rate of speed.
Upon approaching the scene of the impact, the petitioner passed a young boy who was traveling in the same direction on a bicycle, and who, at the time, was traveling along his right, or the easterly side of the paved slab. The evidence indicates that the boy was approximately two feet from the right edge of the concrete. According to the testimony of petitioner, after he had passed the boy on the bicycle for a distance of one to one and one-half arpents, he noticed the on-coming Conques car proceeding towards him in his lane, and the accident resulted.
The Lower Court, after considering the evidence, decided that, in passing the boy on the bicycle, Mr. Boudreaux swerved to his left and crosssed over the center line of the highway into the lane of traffic of the on-coming Conques car. Being faced by the sudden emergency of an on-coming car coming in his lane, Mr. Conques swerved into his left lane at the same time that petitioner attempted to regain his right hand lane, and the collision occurred in the petitioner’s lane of traffic. The Lower Court held that Mr. Conques was faced by a sudden emergency, and attempted to avoid the impending collision by going around to the left of petitioner’s on-coming vehicle. He held petitioner negligent for crossing over into his left hand lane of traffic at a time when there was approaching vehicles in the said lane, and rendered judgment accordingly.
The only eyewitnesses to the accident, other than the parties involved, were Avery Mitchell, who was traveling along the highway in a northerly direction at a distance of some 600 feet behind the Bou-dreaux car, as well as Simon Domangue. The substance of Mitchell’s testimony is to the effect that petitioner’s vehicle was in its proper lane of traffic at the moment of the impact. .Mitchell testified that he never saw the petitioner’s vehicle go over the center line of the highway into its left hand lane.
Simon Domangue, the boy on the bicycle, testified that the accident occurred at a distance of about 100 yards in front of him. He testified that he was traveling about two feet from the edge of the pavement on the right side of the highway when petitioner’s car passed him. At the time petitioner’s car passed him it was straddling the center line. Petitioner cut to the right side of the highway, about the same time as did the Conques vehicle, and the accident occurred in the Boudreaux lane of traffic. Young Domangue testified that the left rear wheel of petitioner was still across the center line of the highway at the time of the impact.
Trooper Landry and Trooper Savoie of the State Police Department investigated the accident. They both testified that the Boudreaux vehicle left skid marks on the highway of approximately thirty feet in length, and that the said skid marks started in Boudreaux’s left hand lane of traffic and ran diagonally across the highway to the point of impact which was approximately in the center of the Boudreaux lane of traffic. Pictures which were introduced into evidence show skid marks running diagonally along the Boudreaux lane of traffic toward the right thereof, however, according to these pictures, these skid marks do not protrude into the left hand traffic of petitioner, Boudreaux, as was testified by the two State Troopers. They explained this fact, however, by stating that when the brakes are first applied, the skid marks do not become dark until the rubber begins to burn. These troopers further testified that the traffic along the highway, as well as the weather conditions, would tend to diminish the appearance of the skid marks after some period of time, depending on the amount of traffic and the condition of the weather.
Although the Lower Court held the negligence of petitioner to be the sole and proximate cause of the accident, even were we to find that there was some negligence on the part of the defendant’s assured, it certainly appears that petitioner was guilty *544 df contributory negligence which was a direct cause of the accident. There is nothing in the record to disclose any reason why petitioner could not see the on-coming Conques vehicle. Without regard therefor, petitioner negligently pulled into the wrong lane of traffic in the face of the Conques vehicle, and the evidence discloses that he did not attempt to pull back into his right hand lane until Mr. Conques, who was faced with a sudden emergency, swerved to the left so as to attempt to avoid the accident. The evidence, as a whole, satisfies us that the Lower Court was correct in its decision, and the judgment below will be affirmed.
For the above reasons the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.