GLADNEY, Judge.
This is an action brought in behalf of a minor son for the death of his father, Laine L. Fair, who died from injuries received in an automobile-truck collision about six miles north of Coushatta on U. S. Highway No. 71. After joinder of issue by answer, trial was had and judgment rendered in favor of all defendants, rejecting plaintiff’s demands. Thereafter an appeal was perfected to this court.
The accident occurred October 14, 1955, about 5:30 o’clock P. M., at which time with weather conditions normal and the highway dry, Laine L. Fair, at an estimated rate of speed of 60 miles per hour, was proceeding in a northerly direction on the east side of the 18-foot paved highway and meeting a truck-trailer combination driven by Claude Lewis Deaver, who was traveling southerly on the west side of said highway. In either direction from the scene *773 of the ensuing collision between the two vehicles the highway is straight and level except for a slight elevation where the impact occurred. The two vehicles were involved in a collision which severely damaged the entire left portion of the Dodge automobile being driven by Fair and the front wheels of the truck were knocked from under it. The truck came to a rest completely off of the east side of the highway approximately 210 feet south of the point of impact. The automobile stopped about 90 feet north of the point of impact in the eastside ditch with its front facing the southeast. Fair died while being taken by ambulance to a hospital. No persons, other than the two drivers, were in either vehicle.
The principal issue confronting us involves the actionable negligence, if any, of Claude Lewis Deaver. Counsel for appellant insists the trial court erred in failing to find negligence on the part of Deaver, the driver of the truck owned by the defendant, Bedsole & Shetley, and that such negligence was the sole proximate cause of the accident. It is further contended that in reaching his decision the judge a quo did not accord proper weight to the testimony of Lawrence Irwin, Kenneth O. Kellogg, and Rufus Morgan.
Deaver testified that he first observed the automobile approaching him about a quarter of a mile away in its proper lane, traveling at a speed he thought to be about 60 miles per hour. At the time, he said he was driving his truck not over 45 miles per hour and keeping it in its lane on the west side of the highway with the left fender of the truck 8 or 10 inches distant from the center line; that the automobile remained in its lane until it came within 12 to 16 feet of the front of the truck when it suddenly veered across the center of the highway and the collision occurred so quickly there was no opportunity for evasive action; and that the force of the impact knocked the front wheels from under the truck, causing its frame to fall to the concrete. The truck could not be steered and it angled across the east side of the road where it stopped. He testified further that he got out of the truck and walked back to' the automobile where Fair was being attended by other motorists who had arrived upon the scene.
Robert E. Posey, a deputy sheriff of Red River Parish, arrived upon the scene shortly after the occurrence of the accident. He supervised the removal of Fair to the ambulance, regulated traffic, and made an investigation to determine the cause of the accident. While he was making his investigation John E. Shetley and Jimmy G. Bedsole, two of the defendants, were present. Locating a spot of oil, some scattered debris near the center of the highway, and a gouged-out place on the west side of the pavement, Posey concluded the two vehicles came together near the center of the highway in a circular area with a diameter of two or three feet, and was of the opinion that the exact point of impact could not be determined from the existing evidence. He identified the gouged-out place as being made by a part of the truck when it fell to the pavement. Posey, Shetley and Bedsole testified there was no physical sign or evidence to indicate the collision occurred in one or the other of the two lanes of travel.
Prompted by the argument of counsel for appellant we have carefully weighed the testimony of Kellogg, Irwin and Morgan. Kellogg testified he arrived at the scene of the accident shortly after it occurred and without getting out of his vehicle he drove on to telephone for an ambulance. After accomplishing this mission he returned and upon his return, he said he noticed some dirt and debris mostly on the east side of the pavement near where he assumed the point of impact might have occurred. The witness, however, did not point out this evidence to Posey or discuss it with that officer. We must find, therefore, that the testimony is not entitled to equal weight and consideration with that of Posey as corroborated by Shetley and Bed-sole. Lawrence Irwin testified he spoke to Deaver when the latter was coming *774 away from his truck and upon asking him what had happened, he quotes Deaver as saying he did not know, that something went wrong with the steering gear and he could not pull it back, and that was all he said. Morgan likewise testified he questioned Deaver who told him he did not know, that something went wrong with the front end of his truck and he ran into this man. Counsel infers from this testimony the truck crossed the center of the highway and that the automobile driven by the deceased was struck while it was in its proper lane of travel. Deaver positively denies he made any such statement to Irwin or Morgan.
It is, of course, well settled that where a collision between two motor vehicles occurs in one of two traffic lanes, the presumption is that the driver of the vehicle determined to have been in the wrong lane is negligent, and he has the burden of showing the collision was not caused by his negligence, or that there were justifiable circumstances which would excuse his conduct. LSA-R.S. 32:231, 32:232, 32 :- 233, subd. C. Hightower v. Dr. Pepper Bottling Company of Shreveport, La.App. 1960, 117 So.2d 642.
The decision of the trial judge holds plaintiff failed to sustain his burden of proof which requires that he show by a preponderance of the evidence negligence by Deaver constituting the sole proximate cause of the accident. The evidence taken as a whole entirely fails to establish that the collision between the two vehicles occurred in Fair’s proper lane of travel. The weight of the evidence seems to indicate the point of impact occurred in the west lane of traffic which was the proper lane for southbound traffic and the lane in which Deaver was entitled to drive. We find the testimony of Kellogg, Irwin and Morgan is not of sufficient weight to carry the case in favor of plaintiff.
Manifest error is not indicated in the judgment from which appealed, and it is affirmed at appellant’s cost