YARRUT, Judge.
This case is one of three resulting from a highway collision between an Edsel automobile and a carry-all truck, all of which were consolidated for trial. On the eve of the trial, one was dismissed by consent; two were tried and appealed. One appeal was dismissed by stipulation. This appeal alone remains. Plaintiff is the Appellant. Defendants-Appellees are the driver of the Edsel automobile and the insurer. Reference to Defendant will be to Florence Carter.
The accident occurred in Jefferson Parish on Fourth Street between Silver Lilly Lane and Ames Boulevard, on November 19, 1958, at .8:30 o’clock A. M., on a misty, cloudy and rainy morning. The locus of the accident was midway between Silver Lilly Lane and Ames Boulevard, the distance between the two intersecting streets being 300 feet. Fourth Street is a paved 2-3ane highway, one lane for east and the other for west-bound traffic. Plaintiff-Appellant was driving a carry-all truck on Fourth Street, going west, or towards Westwego, while the Edsel automobile was travelling on Fourth Street east, or towards Gretna.
Defendant was driving the Edsel automobile at the time of the accident, and had as her guests her mother and two friends, on their way to the Charity Hospital in New Orleans where her mother was to receive treatment. Plaintiff had in his carry-all truck four fellow-employees returning from Empire, La., where they had spent the night on a towboat on which they were employed as crewmen.
Both motorists reciprocally alleged they were driving in opposite directions at moderate speed, when the other swerved into the opposite lane and caused the collision. The guests in the two vehicles gave little or no light on how the accident happened, having been preoccupied prior to the impact. However, disinterested witnesses who testified were the driver of a school bus, two pedestrians, and the police officer who investigated the accident. The trial judge, rendering judgment for Defendants, wrote:
“The evidence given in this case by the witnesses directly conflicts in a number of instances and appears con *220 fused' in a number of instances. There is even considerable conflict as to the location and type of physical evidence of the collision herein. The Court is of the opinion that it would serve no useful purpose to spell out item by item the various conflicting statements and the confusion of some of the witnesses, inasmuch as it would require practically copying the entire transcript of testimony. The Court is of the opinion that this collision occurred solely through the fault and negligence of Jake Ter-rito who was attempting to pass another automobile by using the traffic lane reserved for traffic proceeding in the opposite direction, without insuring that the way was clear. The automobile operated by Florence Carter entered the highway, and when Mr. Ter-rito saw that he could not pass safely he did not have his car under such control as to enable him to get back to safety, and swerved off the shoulder of the road into the side of the Williams vehicle. There is considerable conflicting testimony on both sides, and the one person who could have settled this matter conclusively was the police officer who testified as to the physical evidence resulting from the impact, etc. However, the Court feels that his testimony is so confused that it settles nothing in this case. * * * ”
The evidence discloses that Defendant was travelling on Silver Lilly Lane, approaching Fourth Street, and turned into Fourth Street, proceeding east, and had advanced about 150 feet from Silver Lilly Lane when the collision occurred. The driver of the school bus, which was stopped on Ames Boulevard, facing Fourth Street, on its way to school with a load of children, testified he saw Plaintiff’s carry-all truck approaching from his right, or from the east, travelling at a high rate of speed, in Defendant’s lane, attempting to overtake another motorist when the accident happened. Two other witnesses testified similarly.
Plaintiff testified that Defendant turned left across his lane. In support of his testimony, he produced photographs showing Defendant’s Edsel automobile was damaged midway on the right side. At first blush his contention would appear correct. However, the school bus driver testified that Plaintiff, while attempting unsuccessfully to overtake the car in front, and while travelling in Defendant’s lane, swerved or skidded to the shoulder of the road on his left and, in attempting to extricate himself, turned right and struck the right side of Defendant’s car, in her lane, forcing it to the ditch on the opposite shoulder, where both vehicles came to rest.
The police officer testified that some debris from the accident was in Plaintiff’s lane. The driver of the school bus also testified to this effect. The location of debris shaken loose from colliding automobiles is prima facie proof of the locus of the impact, but not conclusive and subject to contradictory proof by other evidence.
In view of the bus driver’s testimony, it is not difficult to understand how soft mud (it had been raining) and broken glass were on the Plaintiff’s side of the road, since Plaintiff struck Defendant’s car on Defendant’s side and pushed it to the opposite shoulder into the ditch. A lot of the broken glass and soft mud could very well have been deposited at the point where the vehicles came to rest, a short distance away.
When a collision occurs, the burden rests on the driver of such vehicle in the wrong lane to show the accident was not caused by his negligence in driving on such wrong lane. Brock v. Southern Farm Bureau Casualty Insurance Co., La.App., 94 So.2d 492; Carhee v. Scott, La.App., 104 So.2d 236; Soileau v. Manuel, La.App., 109 So.2d 502.
A plaintiff who pulls to the wrong side of the road in the face of oncoming traffic, when it is not safe to do so, is guilty of negligence. Boudreaux v. Travelers Indemnity Company, La.App., 120 So.2d 542.
*221 The evidence amply supports the conclusion that the impact of the collision occurred entirely in the lane in which Defendant’s automobile was travelling, and had the right to travel; and that the collision was due only to Plaintiff’s negligence in trying to overtake another automobile ahead of him, when it was unsafe to do so.
Plaintiff bore a double burden, (1) to prove his case by a preponderance of the evidence; and (2) of showing his freedom from negligence while travelling on the wrong side of the highway. Accordingly, we must conclude that the district judge was correct in dismissing Plaintiff’s suit.
The third-party action and the issue of prescription, urged by Defendant-Insurance Company, made a co-Defendant more than a year after the accident by supplemental petition, is pretermitted as unnecessary.
For the reasons assigned, the judgment of the district court is affirmed; Plaintiff to pay costs in both courts.
Affirmed.