AYRES, Judge.
By this action, plaintiff seeks to recover property damage sustained to his Chevrolet automobile in a motor vehicle collision between his car and that of a Ford automobile of the defendant. Defendant appealed from a judgment granting plaintiff recovery.
The plaintiff-appellee has moved, in this court, for a dismissal of the appeal on the ground of the insufficiency in the amount of the appeal bond. The motion was not timely filed and, hence, cannot be given consideration. While the return day of the appeal was March 29, 1962, the record was lodged in this court March 22, 1962; the motion to dismiss was filed April 19, 1962. LSA-C.C.P. Art. 2161 provides that such motions
“ * * * must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
The accident occurred on a farm-to-market gravel road in West Carroll Parish, August 12, 1961, about 5:30 p. m. The road, dry and dusty at the time, runs in a generally north and south course. Plaintiff’s vehicle, driven by his wife, was proceeding in a northerly direction; defendant’s car, driven by his wife, in a southerly direction. The speed of neither vehicle was shown to be excessive. Both were proceeding about 30 m. p. h. However, in overtaking a forward-moving vehicle, Mrs. Coody, because of the dust and lack of adequate visibility, reduced her speed, as did Mrs. Nicholson when she reached the cloud of dust raised by the vehicle which she was meeting. Nevertheless, Mrs. Coody kept to her side of the road and brought her vehicle to a virtual stop. Mrs. Nicholson maneuvered her car into her left lane and struck plaintiff’s car in its own right-hand lane, inflicting the damage for which recovery is sought.
Defendant concedes that Mrs. Nicholson was negligent, but contends that Mrs. Coody was also guilty of such negligence as constitutes a proximate cause of the accident, and, therefore, that plaintiff is barred from recovery by the contributory negligence of his driver.
Obviously, the trial court concluded, from the evidence, that there was no basis for this charge against Mrs. Coody. From our review of the record, we find no justification for disagreement. As heretofore pointed out, Mrs. Coody kept her vehicle to the extreme right side of the road—she cortld move no farther to her right because of the lack of shoulders on the highway—and was in a manner stopped when struck by defendant’s car.
The sole cause of the accident, in our opinion, as was the opinion of the trial court, was the act of Mrs. Nicholson in driving across the center line of the highway, blocking the movement of traffic lawfully thereon; particularly, because of the dust, she was unable to make proper observation as to the condition of traffic. Mrs. Nicholson’s maneuvers were in violation of certain prohibitory provisions of the Highway Regulatory Act. For instance, it is provided in LSA-R.S. 32:231:
“Upon all highways, including intersections, of sufficient width, except one-way streets or roads, the driver of a vehicle shall drive it upon the right half of the highway and shall drive a slow moving vehicle as closely as possible to the right hand edge or curb of the highway unless it is impracticable to travel on such side of the highway, and except when overtaking and passing another vehicle, subject to the limitations applicable in overtaking and passing set forth hereafter.”
In accord with the aforesaid statutory provision, the jurisprudence is well established that, where a collision between two motor vehicles occurs in one of the two traffic lanes, the presumption is that the driver of the vehicle determined to be in the wrong lane was negligent and that he has the burden of showing that the collision *585 was not caused by his negligence or that there were justifiable circumstances which would excuse his conduct. Noland v. Liberty Mutual Insurance Company, 232 La. 569, 94 So.2d 671; Fullilove v. United States Casualty Company of New York, La. App. 2d Cir., 1961, 129 So.2d 816 (writs denied) ; Hunter v. Bedsole & Shetley, La. App. 2d Cir., 1960, 121 So.2d 772.
Defendant did not satisfactorily account for the presence of his driver on the left side of the highway. Her conduct was violative of the aforesaid fundamental rules of safety which all motorists are enjoined to observe. Her negligence was, therefore, the sole and proximate cause of the accident.
No issue was presented as to the extent of the damage sustained to plaintiff’s car.
The judgment appealed is, for the aforesaid reasons, affirmed at defendant-appellant’s cost.
Affirmed.