REID, Judge.
These are two suits for damages brought as a result of an accident which happened on December 19, 1964 on U.S. Highway 51 a few miles north of Kentwood, Louisiana. The first suit is by Henrietta A. Bauer and Janet M. Bauer vs. Henry E. Bauer, his insurer, Lumbermens Mutual Casualty Company, Winston R. Rawls and Mrs. Catherine Rawls, his wife. In this suit Mrs. Henrietta A. Bauer, the wife of Henry E. Bauer and Janet M. Bauer, their daughter, were both riding in the car owned and operated by their husband and father, Henry E. Bauer. Mrs. Bauer seeks the sum of $50,000.00 for personal injury, pain and suffering and so forth, plus $167.-15 personal property damage. Janet M. Bauer seeks $2500.00 for pain and suffering and $160.53 for property damages to her personal property.
In the second suit Henry E. Bauer seeks the sum of $26,016.66 for physical pain and suffering, medical expenses, transportation home and so forth.
In the first suit Mrs. Catherine B. Rawls filed an answer denying any liability, denying any negligence, alleging that a car backed out in front of her from the parking lot at “Skinny’s” a nightclub on the east side of the Highway, striking the right front end of her vehicle and knocking it across the road into the path of the Bauer vehicle; that the accident was unavoidable and beyond her control and further alleged the last clear chance on the part of the Bauer vehicle.
Henry E. Bauer, in the same suit, and his insurer, the Lumbermens Mutual Casualty Company filed an answer denying any negligence and further plead that a car backed out of a parking lot at “Skinny’s” into the path of the Rawls vehicle, knocking it into the path of the Bauer vehicle, and that the accident was unavoidable.
Mrs. Catherine B. Rawls filed the same answer in the second suit as she did in the first and Winston R. Rawls filed an answer setting forth the same allegations that his wife had made in the petition, that the accident was unavoidable on account of the car backing out from “Skinny’s”. Lumber-mens Casualty Insurance Company filed a similar answer in this suit as the one filed in the other.
These two suits were consolidated for trial with separate judgments to be rendered in each. The case was duly tried on the merits and the Trial Judge with written reasons dismissed the suits of plaintiffs in both suits and rejected their demands at their costs.
From these judgments Henrietta A. Bauer and Henry E. Bauer have both appealed devolutively to this Court.
The issues here are one of fact.
Mrs. Catherine Rawls’ testimony was corroborated by her mother-in-law, Mrs. Pinkie Rawls, that they were proceeding north on a wet highway and a car backed out suddenly in front of them at “Skinny’s” and she turned to her left to avoid the accident which brought her into the southbound lane of traffic and directly in the path of the approaching Bauer automobile.
The Bauers testified essentially that it had not been raining until possibly a mile or two from the scene of the accident which it might have rained a little. He was proceeding south in his lane of traffic about 45' or 50 miles an hour. He saw the beer sign and the lights of the nighclub as he got almost to it and then he said some headlights suddenly appeared in his path and all he could do was touch' his brakes, and he did not have time to turn to his right. He said that if he had had time to turn right he could have avoided the accident.
The Rawls car a Mustang, was struck squarely in the middle by the entire front of the Bauer car. The Bauer car was damaged across its entire front.
The Trooper who checked the accident, Sergeant Huey P. Adams of the State Po *377 lice, testified that he got there about 45 minutes after the accident. He said that the point of impact was in the middle of the southbound lane of Highway 51. He testified further that all the parties had been removed and he inquired as to the accident and could find no one who would admit that they were a witness. He later interviewed the parties at the hospital in Kentwood and in his estimation the accident happened in the southbound lane of traffic as a result of the Rawls vehicle suddenly turning into the path of the Bauer vehicle. He could not find any evidence as to any other car, and no witness who could testify that a car backed out in front of Mrs. Rawls. Mrs. Catherine Rawls in her statement to him omitted any testimony about a car backing out in front of them, although he testified that Mrs. Catherine Rawls seemed to be under sedation.
There is no question but what Henry E. Bauer was not guilty of any negligence. The Trial Judge in his written reasons found that there was no negligence on the part of Bauer. He, likewise, found no negligence on the part of Rawls. In this finding as to Rawls we feel that he committed error.
Since the accident happened in the south bound lane and Mrs. Rawls was proceeding north in the north bound lane when she suddenly swerved into the south bound lane and the accident happened she is presumed to be negligent and she has the burden of showing that the collision was not caused by her negligence, or that there were justifiable circumstances which would excuse her conduct.
This she attempted to do when she testified that a car suddenly swerved out in front of her. We do not feel that the testimony concerning this car is sufficient to prove that a car actually did back out in front of her. She and her mother-in-law are the only two witnesses who testified to this fact and Mrs. Catherine Rawls in her statement to Trooper Adams did not mention that a car backed out in front of her. In her petition she alleges that she was struck by the car and her attorney in his brief says that she was struck by the car that backed out in front of her, but in her testimony she could not say that the car struck her. However, Trooper Adams testified that he found no evidence on the car and it seems that in all the excitement that was there and all the people in the nightclub someone would have seen a car backing out and would have been able to corroborate their testimony.
Mr. Bauer testified that he did not see any car back out, and all he saw was the lights of the Rawls car when it suddenly swerved over into his lane of traffic.
We, therefore, hold that Mrs. Rawls had not borne the burden of proving that the accident was not caused by her negligence, or that there was justifiable circumstances which would excuse her conduct.
This Court held in Bailey v. National Surety Corporation, La.App., 149 So.2d 669 as follows:
“Further, it is a well settled principle of Louisiana jurisprudence that when a collision results from one’s act of driving his vehicle into that part of the roadway reserved exclusively for traffic proceeding from the opposite direction, the presumption is that the driver of the vehicle determined to be in the wrong lane of traffic is negligent, and that he has the burden of showing that the collision was not caused by his negligence or that there was justifiable circumstances which would excuse his conduct. Noland v. Liberty Mutual Insurance Co., 232 La. 569, 94 So.2d 671 (1957); Daniel v. Reed, 137 So.2d 645, La.App.2nd Cir. (1962); Coody v. Nicholson, 142 So.2d 583, La.App.2nd Cir. (1962); Breaux v. Valin, 138 So.2d 405; La.App.3rd Cir. (1962) and Territo v. Carter, 138 So.2d 218, La.App.4th Cir. (1962).”
*378 Having held that Mrs. Catherine Rawls had not borne the burden of exculpating herself from being in the wrong lane of traffic and that her negligence in being in said lane of traffic was the cause of the accident we now come to the question of quantum of damages.
Miss Janet Bauer did not appeal or file any answer to the appeal herein and her claim for damages is settled by the judgment rendered herein. With respect to Mrs. Henrietta A. Bauer we find that she and her husband, Henry E. Bauer, had been married nearly thirty years. She received a cut across the forehead, across the eye and across the nose. There are pictures in the record, one taken shortly after the accident and the other taken at a later date which shows that the scars are minimal. In fact she testified herself that she did not have any embarrassing moments because of the scar.
Doctor James P. Burns, whose statement is in the record, found no evidence of fracture or intercranial pressure, abnormal cal-cifications or abnormal vascular markings. The paranasal sinuses were clear and well aerated and showed no evidence of sinusitis. The sella tursia appeared normal. He further stated that she had a long laceration across her forehead over both eyes, across the bridge of the nose that measured approximately eight inches from tip to tip. He further stated that her prognosis was good but there would be a residual scar in this area. Both knees were bruised and sore.
The statement in the record of her home doctor, Dr. C. L. Martin of Freeburg, Illinois, stated that her injuries consisted of healing lacerations across the left forehead and left eyelid, extending to the scalp and a laceration across the right eyebrow with a skin tab along the right upper nose. She had superficial lacerations and abrasions about both knees. They were all healing nicely at the time of his examination. The last time he saw her she complained of numbness across the left forehead to the midline and across the right eyebrow but the lacerations were well healed. The scars were not adhereent to the underlying structures. Motion of the forehead and the eyelids were normal. He further stated that she had some damage to the sensory nerves which would probably be permanent, but he could not give a final opinion until approximately one year had elapsed.
We feel that in view of the testimony and the pictures in the record that an award of $4000.00 would be commensurate for the injuries which Mrs. Bauer received.
With regard to the injuries of Henry E. Bauer, Dr. Burns’ statement shows that there was no demonstrable evidence of rib fracture or any evidence of hemo or pneumothorax. He said that he had a laceration over the left eye measuring approximately three and a half inches which would probably be a residual scar of two and a half inches over the bridge of his nose. He also had a loose tooth for which he should see a dentist. He further stated that the injury to his chest had cleared up before he left New Orleans. Neither of the Bauers were hospitalized. Under the circumstances we feel that an award of $2000.00 would be ample for the injuries that Henry E. Bauer received.
The Rawls car had no public liability and property damage insurance. However, the insurance on the Buick owned by Henry E. Bauer contained an uninsured motorist clause by which the Lumbermens Mutual Casualty Company obligated itself to pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease including death resulting therefrom, hereinafter called bodily injury sustained by the insured caused by the accident arising out of the ownership, maintenance or use of such uninsured automobile, provided, for the purpose of this cov *379 erage determination as to whether the insured or such representative is legally entitled to recover such damages and if the amount thereof shall be made by agreement between the insured and the Company, or if they fail to agree by arbitration.
The policy defines “insured” to named insured and any relative.
Since the Rawls car had no insurance the Bauers are entitled to recover from the Bauers own insurer, namely Lumbermens Mutual Casualty Company.
Under the terms of the Bauer insurance policy with Lumbermens Mutual all medical expenses which would be recoverable against the owner of the other car, are excluded from the uninsured motorist clause.
Mrs. Catherine Rawls was engaged in a community mission at the time of the accident, namely using her husband’s car to go to and from work, and the husband as head of the community is liable in solido with his wife and Lumbermens Mutual Casualty Company.
For the above and foregoing reasons it is ordered that insofar as the liability of Henry E. Bauer is concerned the judgment of the Lower Court is affirmed. Insofar as the judgment as to Catherine B. Rawls and Lumbermens Mututal Casualty Company is concerned the judgment of the Lower Court is reversed and judgment rendered herein in favor of Mrs. Henrietta A. Bauer and against’ Mrs. Catherine B. Rawls and Winston R. Rawls and Lumber-mens Mututal Casualty Company jointly and in solido in the full sum of $4000.00 and in favor of Henry E. Bauer, and against Winston R. Rawls, Mrs. Catherine B. Rawls and Lumbermens Mututal Casualty Company jointly and in solido in the full sum of $2000.00, both awards bearing legal interest from date and all costs herein. In all other respects the judgment of the Trial Court is affirmed.
Affirmed in part, reversed in part, and rendered.