FRUGÉ, Judge.
This is a tort action by a husband and wife arising out of an automobile accident which occurred in the City of Pineville, Louisiana, on October 10, 1969. Following a trial on the merits, the court held that the defendant driver was negligent in allowing her vehicle to traverse the center line of the highway and collide with an automobile owned by the plaintiff, Oscar Kierum, and driven by his wife, Alma D. Kierum, and awarded judgment in favor of the plaintiffs. From this judgment, defendants appealed. Plaintiff, Mrs. Kierum, answered the appeal seeking an increase in the award of general damages.
The trial judge described the scene of this accident as follows:
“The accident happened on the road that is called the Military Highway. This is a hard surfaced road that runs in a north-south direction. Just north of where the accident occurred is an overpass over a railroad track. Just south of the overpass Jefferson Highway intersects Military Highway on the western side of Military Highway and coming from a north-northwest direction. The intersection is more in the shape of a Y. As Jefferson Highway intersects Military Highway, the roadway is much wider and forming almost three lanes for a short distance.
At the time of the accident, it was not raining but had just ceased raining, and the roadway was still wet.”
When the accident occurred, Mrs. Kier-um was proceeding north on Military Highway and the defendant, Mrs. Chevalier, was proceeding south on Military Highway. As the vehicles approached each other just south of the railroad overpass the Chevalier vehicle, as a result of the application of the brakes, veered to its left into the north-bound lane of traffic occupied by the Kierum vehicle and a collision ensued between the two automobiles.
Mrs. Chevalier testified that she was traveling at a speed of approximately 25 or 30 miles an hour when a vehicle on Jefferson Highway failed to stop at the stop sign and that she put on her brakes to keep from hitting the car entering the highway ahead of her, and her automobile skidded into the opposite lane of traffic.
Since the accident occurred in Mrs. Kierum’s lane of traffic and the defendant’s vehicle was in its wrong lane of traffic, defendant clearly has the burden of showing that the collision was not caused by defendant’s negligence or that there were justifiable circumstances which would excuse her conduct. Noland v. Liberty Mutual Insurance Co., 232 La. 569, 94 So.2d 671 (1957); Daniel v. Reed, 137 So.2d 645 (La.App. 1st Cir., 1962); Coody v. Nicholson, 142 So.2d 583 (La.App.2nd Cir., 1962); Breaux v. Valin, 138 So.2d 405 (La.App.3rd Cir., 1962); Bailey v. National Surety Corp., 149 So.2d 669 (La.App.1st Cir., 1963).
The defendant contends that Mrs. Chevalier was faced with a sudden emergency, not of her own making, when an unknown automobile failed to stop on Jefferson Highway before entering Military Highway in front of her. The only proof offered to substantiate this defense was the uncorroborated testimony of Mrs. Chevalier that she was forced to suddenly apply her brakes to avoid an accident with an automobile entering Military Highway from Jefferson Highway on her right.
Our Supreme Court has discussed the burden of proof which must be met by the *168 driver of the offending vehicle which collides with another vehicle by encroaching into the oncoming lane of traffic. In Rizley v. Cutrer and Allstate Insurance Co., 232 La. 655, 95 So.2d 139 (1957), the court stated,
“ * * * Cutrer, having caused the accident by leaving his own traffic lane, is presumed guilty of negligence and the onus rested on him to demonstrate that the accident resulted from such a state of unforeseeable circumstances beyond his control (and to which he did not contribute), that he could not extricate himself, despite the efficient use of all protective measures at his command. In other words, it was his burden to show that he was not guilty of any dereliction, however slight, which may have had causal connection with the accident.” [95 So.2d 142]
In Breaux v. Valin, 138 So.2d 405 (La.App.3rd Cir., 1962), the defendant entered the wrong lane of traffic where a collision occurred and offered as an excuse for her presence in the wrong lane the fact that she saw a child running towards the road in front of her. In that case, it was held that the driver’s uncorroborated testimony was insufficient to exculpate her from liability. In another case, the testimony of the offending driver was corroborated by a passenger in her car, and both testified that she had swerved to the left across the center stripe, upon seeing a car back out suddenly in front of her. This testimony without further corroborating proof was held to be insufficient and exculpate the offending driver from liability. Bauer v. Bauer, 211 So.2d 375 (La.App. 1st Cir., 1968).
There was no other evidence or testimony to corroborate the testimony of Mrs. Chevalier in the instant case. The trial judge stated in his written reasons for judgment,
“All we have about the sudden emergency, with which Mrs. Chevalier contends she was confronted, is what has been stated above, i. e., a car failed to stop and she put on her brakes. The Court does not feel that this is sufficient proof. She testified that she was not good at distances so she gave us none of the facts. The Court does not know where the car was at the time that the unknown vehicle was first noticed and it was discovered that it would not stop, if in fact it did not stop * * *. We don’t have any estimation as to the speed of the unknown vehicle. We know notji-ing about the unknown vehicle * * *. There is no evidence as to how far back Mrs. Chevalier was from the intersection when the unknown vehicle entered it or gave indications that it was not going to stop, so the court cannot determine whether it would have been proper for Mrs. Chevalier to apply light pressure to her brakes and merely slow her automobile down and give the unknown vehicle a chance to get in front of her and proceed south on the Military Highway.”
It was incumbent upon the defendant to prove that the defendant’s actions were reasonable, under all the facts and circumstances surrounding the accident. This, we think, the defendant failed to do. Thus, we find no manifest error in the trial judge’s determination that the defendant in the instant case was, as stated in the Rizley case, “ * * * not guilty of any dereliction, however slight, which may have had causal connection with the accident”.
The appellee, Mrs. Kierum, has answered the instant appeal seeking an increase in the award of general damages. Mrs. Kierum’s injuries consisted of numerous bruises over most of her body. On her last visit to her doctor, on December 19th, she complained of continuing tenderness over the right ulna nerve in the area of the elbow. The trial court awarded Mrs. Kierum $1,000 for pain and suffering considering that a fair and reasonable amount under the circumstances. This award for general damages is neither manifestly in *169 sufficient nor manifestly excessive under all the facts and circumstances in this case,
For the foregoing reasons, the judgment in the instant case is affirmed. Defendants to pay all costs.
Affirmed.