261 So.2d 360 (1972)
Edward M. DiGIOVANNI
v.
Archie APRIL d/b/a A. April's Texaco Station, et al.
No. 8785.
Court of Appeal of Louisiana. First Circuit.
April 17, 1972.
*361 Daniel R. Atkinson (Dale, Owen, Richardson, Taylor & Mathews), Baton Rouge, Joseph J. Laura, Jr., New Orleans, for appellant.
John F. Tooley, Jr. (Deutsch, Kerrigan & Stiles), New Orleans, France W. Watts, III (Watts & Watts), Franklinton, for appellee.
Before LANDRY, BLANCHE and TUCKER, JJ.
BLANCHE, Judge.
Plaintiff, Edward M. DiGiovanni, purchased on October 12, 1967, a new 1968 Volkswagen sedan automobile from defendant, Lake Volkswagen, Inc., located in Slidell, Louisiana. On February 12, 1968, plaintiff took his automobile to the service station of defendant, Archie April, d/b/a Archie April's Texaco Station, located in Mandeville, Louisiana, for a twelve thousand mile checkup, tune-up and other work of this nature. Plaintiff retrieved his automobile on the afternoon or evening of February 12, 1968, drove the automobile a few blocks to his home, and then on the following morning on his way to work in New Orleans, Louisiana, encountered engine difficulty in the vicinity of Slidell, Louisiana, or approximately nineteen miles after he started using the automobile that day. Investigation revealed that the automobile engine had overheated, necessitating *362 replacement of the engine at a cost of $498.27. The repairs were performed by the seller, Lake Volkswagen, Inc., but plaintiff was required to pay the aforementioned sum, for the reason that Volkswagen of America, Inc., the warrantor of the automobile, denied the claim presented in warranty, primarily on the basis of the allegedly defective repairs made by defendant, Archie April, d/b/a Archie April's Texaco Station.
Plaintiff filed suit against Archie April, d/b/a Archie April's Texaco Station; Texaco, Inc.; Lake Volkswagen, Inc.; and by amended petition, against Volkswagen of America, Inc. Lake Volkswagen, Inc., filed a third party demand against Volkswagen of America, Inc.
Judgment was rendered in favor of plaintiff and against defendant, Volkswagen of America, Inc., in the principal sum of $498.27. Plaintiff's demands against the remaining defendants, as well as the third party demand of Lake Volkswagen, Inc., were dismissed. From this judgment Volkswagen of America, Inc., perfected a suspensive appeal. Plaintiff perfected a devolutive appeal.
For the reasons hereinafter set forth, we reverse the judgment in favor of plaintiff and against defendant, Volkswagen of America, Inc., and further reverse the judgment in favor of Archie April, d/b/a Archie April's Texaco Station, and render judgment in favor of plaintiff and against this latter defendant.
By the admission of defendant, Archie April, himself, he set the timing on plaintiff's Volkswagen when he performed the work at 7.5 degrees before top dead center, top dead center being the same as "zero," instead of at "0" or top dead center. Defendant April testified that he used a Texaco publication and plaintiff's Owner's Manual to perform the necessary work. The evidence shows that the Volkswagen Owner's Manual specifies that basic ignition timing is "TDC [top dead center]engine at operating temperature." (Plaintiff Exhibit No. 3, p. 46) Defendant April testified that he thoroughly familiarized himself with plaintiff's Owner's Manual, but he obviously failed to follow the instructions by the manufacturer relative to the necessary timing setting.
Volkswagen of America, Inc., offered the expert testimony of Dr. Lawrence Richard Daniel, Jr., professor and head of the Mechanical, Aerospace and Industrial Engineering Department of Louisiana State University. Dr. Daniel testified that in his opinion, based on his investigation and hearing of all testimony in the case, the most probable cause of the engine overheating was the improper setting of the timing:
"Q Have you been able to determine from any of the facts that were brought out in the Courtroom what could have caused the advanced spark?
"A Setting the spark at that particular place by setting the spark specifically setting it improperly.
"Q What effect, if any, would this have on the spark the setting as Mr. April testified to if he set it at 7.5?
"A The engine would be running at a hotter temperature than it was designed to run because it was designed to run according to specifications with the spark set at top dead center and if it was set at advanced spark, that is 7½ or 10 or anywhere therein it would be running at a hotter temperature than it would normally run and this would be detrimental to the engine.
"Q Could this have caused the problems that actually have occurred in Mr. DiGiovanni's vehicle?
"A In my opinion, it could.
"Q Would it be your opinion this is the most probable cause of the engine failure?
*363 "A From what I have read, it is the most probable cause. From what I have gathered and prior to today it is the most probable cause." (Record, pp. 268, 269)
Volkswagen of America, Inc., also offered the testimony of Wolfgang Van Guder, employed by Volkswagen of America, Inc., as regional service engineer for the southeastern region of the United States. Mr. Guder testified that while the proper ignition timing setting for the 1967 model Volkswagen was 7.5 degrees before zero or top dead center, the proper setting for the 1968 model Volkswagen automobile was top dead center or zero degrees, which engineering alteration was made necessary in order to comply with federal antipollution standards. Mr. Guder further testified that if the ignition timing were set on a 1968 model Volkswagen at 7.5 instead of top dead center, the engine would overheat. (Record, pp. 281-284)
The trial judge refused to impose liability upon defendant, Archie April, for two reasons; first, because defendant, Archie April, testified he allegedly used a publication or lubricating guide which indicated the proper timing setting to be 7.5 degrees instead of top dead center or zero degrees for the 1968 model Volkswagen, which was allegedly a widely accepted publication, and second, because Dr. Daniel indicated in response to hypothetical questions that other engine failures could possibly have caused the overheating. We are not persuaded by either reason. While defendant, Archie April, may have used some other publication, he, nevertheless, testified that he first thoroughly familiarized himself with plaintiff's Owner's Manual, which clearly specifies the correct timing setting for the 1968 Volkswagen automobile, which procedure defendant April failed to follow. While defendant April might have some cause for complaint against some other entity for promulgating allegedly inaccurate information on which he relied to his detriment, this does not exonerate him with regard to his responsibility to plaintiff, especially when he had available, and by his own testimony thoroughly familiarized himself with, the clearly prescribed instructions promulgated by the manufacturer. With regard to the second basis proffered by the trial judge for exonerating defendant April, we are satisfied from our review of the record that the other hypothetical possibilities which Dr. Daniel conceded are not substantiated by any facts contained in the record and constitute pure speculation and conjecture. The totality of the circumstances clearly corroborates Dr. Daniel's conclusion that the most probable cause for the engine overheating was the improper timing setting made by defendant April. The evidence clearly preponderates in favor of the conclusion that this improper performance by defendant April alone was the proximate cause of the engine overheating and resulting loss.
The cases cited by counsel for defendant, Archie April, are all readily distinguishable on their facts, since in none of the cited cases was there a clearly established misperformance by the garage operator, and plaintiff in each case was seeking to rely on res ipsa loquitur. In the instant case, contrary to the cases cited by counsel for defendant, Archie April, the evidence clearly establishes an improper performance of automotive work, which improper performance is, by the preponderance of the evidence, the most probable cause for the resulting loss. Resolution of this case does not necessitate resort to the doctrine of res ipsa loquitur.
In view of our findings of fact herein, the judgment against Volkswagen of America, Inc., is erroneous in that the warranty afforded by that defendant does not cover expenses attributable to the improper performance of automotive work by someone such as defendant, Archie April, nor is there any other basis under the facts of the case for imposing liability upon Volkswagen of America, Inc. Similarly, there is no basis in the record for imposing liability on defendant, Lake Volkswagen, Inc., the seller of the vehicle, and, indeed, plaintiff *364 has offered no argument requesting reversal of the judgment dismissing the suit against defendant vendor of the automobile.
Although plaintiff perfected a devolutive appeal from the judgment rendered in favor of the other defendant, counsel for plaintiff has not argued for rendition of judgment against Texaco, Inc., nor does the evidence warrant such judgment under the facts of the case, Donovan v. Standard Oil Company of Louisiana, 197 So. 320 (La.App. 2nd Cir. 1940), certiorari denied.
Plaintiff does seek an increase in the amount of damages awarded by the trial court, contending entitlement to damages for inconvenience and loss of use of his automobile while it was being repaired. The evidence shows, however, that plaintiff sustained no actual automobile rental expenses or other pecuniary loss besides payment of the cost for the repairs, which was awarded to him. Damages for worry, inconvenience and annoyance will not be awarded unless these items can be translated into a calculable pecuniary loss, Aiken v. Moran Motor Company, 165 So.2d 662 (La.App. 1st Cir. 1964).
For the foregoing reasons, the judgment of the trial court in favor of defendant, Archie April, d/b/a Archie April's Texaco Station, and against plaintiff is reversed, and judgment is rendered in favor of plaintiff, Edward M. DiGiovanni, and against defendant, Archie April, d/b/a Archie April's Texaco Station, in the sum of $498.27, with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings. The judgment of the trial court in favor of plaintiff and against defendant, Volkswagen of America, Inc., is also reversed, and judgment is rendered in favor of Volkswagen of America, Inc., and against plaintiff, dismissing with prejudice plaintiff's demands against that defendant. In all other respects, the judgment of the trial court is affirmed. All costs of these proceedings are assessed to defendant, Archie April d/b/a Archie April's Texaco Station.
Affirmed in part, reversed in part and rendered.