COVINGTON, Judge.
This matter arose out of a two-car collision between the plaintiff, David Barron, and Richard Ingalls, the insured of defendant, Allstate Insurance Company. Suit was filed to recover for damages for personal injuries to Barron and to his minor child, Chris, and for property damage, including loss of use of Barron’s automobile for a period of thirty days. The defendant requested that the plaintiff admit that he incurred no actual out-of-pocket expenses for loss of use of his automobile. Thereafter, by compromise, all claims of the plaintiff were released except the right to pursue his claim for said loss of use of the car.
Subsequently, the defendant moved for summary judgment, which the plaintiff answered, denying that there was no material issue of fact or law.
Based on the pleadings, receipt and release (the compromise agreement), and request for admissions, the trial court granted the defendant a summary judgment, dismissing the plaintiff’s demand, from which he has appealed.
Although conceding that the rule of law is that recovery for the loss of use of an automobile is limited to actual out-of-poek-et expenses incurred, the appellant urges that this Court should not follow this rule of law. He also contends, in his brief, that this rule of law is violative of the federal and state constitutions. However, no pleadings were filed in the lower court raising a constitutional question.
In view of stance regarding the summary judgment, there is no necessity for us to reach the constitutional question; in any event, suffice it to say that, as a general rule, a litigant who fails to plead and particularize the question of alleged unconstitutionality in the trial court cannot raise that issue in the appellate court. Johnson v. Welsh, 334 So.2d 395 (La., 1976).
However, after review of the record and the applicable law, we are convinced that the trial court improperly granted the defendant’s motion for a summary judgment.
Our Supreme Court, in the recent case of Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (La., 1977), while taking cognizance of DiGiovanni v. April, 261 So.2d 360 (La.App. 1 Cir. 1972), in which appellee takes misguided solace, quoted its language *665 in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La., 1976), which states:
“We also deem it worth noting, however fundamental, that unlike the rule which we are required by the Civil Code to apply in this action for breach of contract, damages for mental anguish, aggravation, distress and inconvenience, are recoverable in an action sounding in tort.”
In the DiGiovanni case, the plaintiff was given an opportunity to prove such damages, although without avail. In the instant case, Barron was given no such opportunity.
A summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, affidavits, et cetera, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The mover must carry that burden. Morgan v. Matlack, 342 So.2d 167 (La., 1977).
Further, the possibility of, or even the likelihood of, a party being unable to prove his allegations upon a trial on the merits does not constitute a basis for rendering a summary judgment. Hemphill v. Strain, 341 So.2d 1186 (La.App. 1 Cir. 1976), writ denied 343 So.2d 1072 (La., 1977).
Therefore, the case is remanded for a trial on the merits. The costs of this appeal are to be paid by the defendant-appellee. All other costs are to await final determination of the matter.
REVERSED AND REMANDED.