COLE, Judge.
This is a suit by purchasers of an automobile against the seller because of alleged misrepresentation and redhibitory defects in the vehicle.
*1307 On May 10, 1976, Roy 0. Jordan and his wife, Doris C. Jordan, purchased a 1975 Chevrolet Monte Carlo from Leon Pickard Chevrolet, Inc. in Denham Springs, Louisiana. The vehicle was represented by Pick-ard to be a new automobile and registered thirty-one miles on the odometer on that date.
Mr. and Mrs. Jordan continued to reside in Louisiana until July of that year when they moved to Memphis, Tennessee and eventually to Nashville, North Carolina. Upon a return to Baton Rouge, Louisiana, in July 1976, the car had developed minor problems and it was repaired at that time by Pickard.
When the Jordans returned to North Carolina, additional difficulty was experienced and the vehicle was taken to Nance Chevrolet Co., Inc. in Asheboro, North Carolina for repairs. When the work was submitted by that dealer to the manufacturer for payment under warranty, the warranty was denied because the car had been plaeed on demonstrator status by Pickard prior to it being sold and the warranty period had already expired. When the matter was not explained to their satisfaction, suit was filed against the seller for rescission of the sale due to the alleged misrepresentation and redhibitory defects and for damages for violation of the Motor Vehicle Information and Cost Savings Act found in Title 15, Section 1984 of the United States Code which deals with odometer tampering. Pickard thereafter filed a third party demand against General Motors Corporation. The matter was tried in due course and judgment was subsequently rendered in favor of Roy 0. Jordan and against Pickard.
In its written reasons for judgment, the trial court noted since the car had been traded in by the Jordans prior to trial, a rescission of the sale was not possible and only a money judgment in the nature of a reduction in price would be applicable. See Civil Code Article 2541, et seq. The court then determined because the car had been placed on demonstrator status by the dealer, it was a “second hand” vehicle even though it had only thirty-one miles on the odometer. An award of $600.00 for the trouble and inconvenience experienced by the plaintiff was made. Additionally, the court rendered judgment in the amount of $72.28 for repairs which should have been covered by the warranty and awarded a $500.00 attorneys’ fee in favor of Jordan. The third party demand against General Motors was dismissed. We find the judgment must be amended and, as amended, affirmed.
Our review indicates the vehicle was placed on demonstrator status by the dealer on January 23, 1975, but was removed from that status in March of that year. There is absolutely no proof the odometer was tampered with, or that the car was actually used as a demonstrator, or that it had been driven for any more miles than the thirty-one which it registered at the time of sale. The manufacturer was notified of the fact the car was on demonstrator status but was apparently not notified when it was removed from that status. Jordan, due to this oversight on the part of the seller, purchased a vehicle without the nationwide warranty to which he was entitled. It had expired one year from the date the vehicle was placed on demonstrator status and before the sale to Jordan.
The plaintiff paid $5,245.30 plus tax and license expense for the car, drove the car for an estimated 48,000 miles and in December 1978, some thirty-one months after its purchase, received a $3,000.00 trade in allowance for it.
Pickard recognized the car would have been warranted for one year from the date of sale and made several repairs at no expense to the purchasers. Although the speedometer broke after their dealings with Pickard had ended, Jordan did not have it repaired and his total claimed expenses during his ownership of the vehicle amounted to $72.28.
We find also Jordan purchased an extended warranty for $108.00 which was *1308 to cover an additional twenty-four months or twenty-four thousand miles. He received no benefit at all for that payment and is entitled to recover that amount from the dealer.
The appellant contends the $600.00 award for the plaintiffs’ trouble and inconvenience must be denied because there is no showing of an actual monetary loss in that regard. That contention has merit. In DiGiovanni v. April, 261 So.2d 360 (La.App. 1st Cir. 1972), this court said:
“Plaintiff does seek an increase in the amount of damages awarded by the trial court, contending entitlement to damages for inconvenience and loss of use of his automobile while it was being repaired. The evidence shows, however, that plaintiff sustained no actual automobile rental expenses or other pecuniary loss besides payment of the cost for the repairs, which was awarded to him. Damages for worry, inconvenience and annoyance will not be awarded unless these items can be translated into a calculable pecuniary loss, Aiken v. Moran Motor Company, 165 So.2d 662 (La.App. 1st Cir. 1964).”
There having been no such showing on the part of the purchaser, that item of damages is not recoverable here.
Attorneys’ fees in cases such as this are authorized by the terms of Civil Code Article 2545, which provides:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
The seller here knew or should have known that the nationwide warranty was not in effect and the extended warranty which the buyer purchased was of no value. The attorneys’ fee awarded is, therefore, proper under the facts and circumstances of this case and is reasonable.
No contentions are made by the third party plaintiff that its demands against General Motors were improperly dismissed.
The judgment of the district court is amended to delete the net sum of $492.00 from the amount awarded Jordan. This results from allowing the recovery of $108.00 paid for the purpose of extending the warranty and disallowing the $600.00 awarded for trouble and inconvenience. In all other respects, judgment is affirmed. All costs of this appeal to be paid by Leon Pickard Chevrolet, Inc.
AMENDED AND, AS AMENDED, AFFIRMED.