ELLIS, Judge.
On April 2, 1956 at about four or four thirty P.M. the plaintiff was driving his truck on a gravel road a short distance south of the town of Ville Platte, in the Parish of Evangeline in a westerly direction and going around a curve which turned in a southwesterly direction, when a truck belonging to the defendant, Ash-land Manuel, and being driven by Gilbert Thomas, a minor approximately 18 years of age, in an easterly direction collided with the plaintiff’s truck. The case was duly tried and the district court dismissed plaintiff’s suit on the ground that the latter was guilty of contributory negligence barring his recovery. From this judgment the plaintiff has appealed.
Defendants are urging, in line with the holding of the district court, that the plaintiff was contributorily negligent, and also that the driver of defendant’s truck, Gilbert Thomas, was expressly forbidden to use the truck.
Certain stipulations were entered into at the commencement of the trial, which we quote.
“It is stipulated by and between counsel for plaintiff and defendants that the accident in question happened on the afternoon of April 2nd, 1956, about 4:00 or 4:30 o’clock in the afternoon, that the accident happened on a graveled road some short distance south of the Town of Ville Platte in the Parish of Evangeline, that the road in question ran generally in an east and west direction; that it had a graveled surface; that the weather was dry at the time; that the truck which was being driven by the plaintiff at the time was being driven in a westerly direction; that the truck of defendant, Ashton (Ash-land) Manuel, was being driven by a colored boy by the name of Gilbert Thomas in an easterly direction; that the vehicles collided somewhere on that road in the curve.”
The plaintiff suffered a concussion and a loss of memory as to anything which oc *504 curred just prior to the wreck or at the time of the actual collision. He remembers a short distance back as he approached the curve. Therefore, a decision must rest upon the physical facts and the testimony of Gilbert Thomas. The latter’s testimony is very unsatisfactory although he was placed on the stand by the plaintiff. Possibly the most important fact to be determined is as near as possible the location of the actual impact between the two trucks. The District Court found that the actual impact occurred in the center of the graveled road or approximately one foot north of the center, which would be in the plaintiff’s lane of travel. The defendant’s course, is definitely established by virtue of the fact that he applied his brakes at a point approximately 65 feet west of the actual point of impact and he skidded diagonally in a northeasterly direction toward the lane of travel occupied by the plaintiff. The actual photographs of the two trucks show that the right fender and side of the bumper and front of the truck came in contact or struck the left fender, bending it on the side and on the top and knocking out the headlight and bending the hood and the general front from the left toward the right, which is a self-evident fact that the defendant’s truck was skidding at quite an angle at the moment of impact. Therefore, even if the actual impact occurred at the center of the gravel road, at that moment practically the entire front end of the defendant’s truck was in the plaintiff’s lane of travel. We believe from the testimony that the actual impact occurred slightly to the north, of the center approximately one foot as estimated by the deputy sheriff who made an investigation subsequent to the collision.
Mr. Fontenot, the deputy sheriff, who placed the impact at approximately one foot north of the center line of the graveled highway, testified also that the marks made by plaintiff’s truck were “On his right, in his lane of traffic, on the right side of the road.” He also stated that the marks of the defendant’s truck were very heavy and “apparently was traveling at a high rate of speed. * * * Fontenot located the point of impact by the glass and debris which he says began approximately one foot north of the center of the graveled road, then trailed across the highway diagonally a distance of 45 feet where the two trucks stopped with their front ends close together and their rear ends further apart so as to form a V. The rear ends of both trucks were still on the highway. Glass and some debris were found in the ditch in front of the two trucks. The fact that the plaintiff’s truck was knocked back and around such a distance as would indicate speed on the part of the defendant’s truck. In addition we have the testimony of State Trooper Manuel who was of the opinion that the impact took place in the center of the graveled road and who also testified when questioned with regard to the impact that “In the middle of the road, oh, it was a terrific impact. They really hit hard.” If the impact took place at the center or on the center line still plaintiff’s automobile would have been within its’ proper lane of travel as the blow from the defendant’s truck struck it on the side of, first, the left front fender, knocking the headlight out, bending the foremost part of the left fender and also bending the left fender on the top to the rear of the headlight.
The fact that the defendant’s truck invaded plaintiff’s lane of traffic and that at the time of the collision the plaintiff was in his proper lane of travel places the burden on the driver of defendant’s truck to show that the accident was not caused by his negligence in driving his vehicle on the wrong side of the highway. Miller v. Hayes, La.App., 29 So.2d 396; Schick v. Jenevein, 145 La. 333, 82 So. 360; Noland v. Liberty Mutual Insurance Co., 232 La. 569, 94 So.2d 671; Rizley v. Cutrer, 232 La. 655, 95 So.2d 139.
Gilbert Thomas, driver of the defendant’s truck, was^placed on the stand by the plaintiff, and except for the leading questions on cross examination his testi *505 mony is most unsatisfactory. His reason for applying his brakes is not stated in a clear and positive manner, however, the district court interpreted his testimony on this point to be that the plaintiff was coming around the curve in his, the defendant’s lane of travel, and he therefore applied his brakes in order to avert the accident. As we interpret the physical facts which have been heretofore discussed and the testimony of the witnesses who went to the scene after the occurrence, plaintiff was in his proper lane of travel and at most, near the center line of the graveled highway but not over it. The defendant skidded approximately 65 feet and then his momentum knocked the plaintiff’s truck around to the east from whence it came and both trucks then ended up 45 feet from the point of impact. The testimony of the witnesses was that the driver of defendant’s truck was going at a terrific rate of speed from the physical facts and Manuel testified as above quoted that they hit with a terrific impact. There is nothing to show that the plaintiff was driving at an excessive rate of speed but there definitely is evidence in the form of physical facts that the driver of defendant’s truck was driving at an excessive rate of speed. We are led to the conclusion that due to the excessive speed of the defendant’s truck he probably realized that it would be difficult for him to successfully go around this curve and he applied his brakes and as a result his car went out of control and skidded diagonally across the highway into the lane of travel of the plaintiff. We are therefore of the opinion that the proximate cause of this accident is the negligence of Gilbert Thomas, driver of the defendant’s truck, in traveling at an excessive rate of speed and a failure to have his vehicle under proper control. We do not find plaintiff guilty of any negligence.
As to the question of whether Gilbert Thomas was driving the truck with the authority of his employer, after a consideration of the testimony in the record we are of the opinion that he was on an errand or rather the business of his employer, Ashland Manuel. He was hauling some trash in Manuel’s truck to be dumped. We see no need to review in detail the testimony on this point.
On the question of quantum, we find that both counsel for plaintiff and defendant stipulated the damages to the defendant’s truck to be $300. Plaintiff testified that following the accident, he was rendered unconscious and then was semi-unconscious for several hours after the accident. He remained in the hospital 15 days and following this he was required to use crutches for six weeks and was in a cast for ten weeks because of the injury to his patella.
The plaintiff suffered a broken knee cap or patella which Dr. Briel testified would cause plaintiff to walk with a limp for the remainder of his life, and he also suffered a severe contusion of the eye ball, as well as a linear fracture of the frontal bone on his face. A scar remained from the bridge of his nose extending over his left eyebrow. He also suffered a concussion and a loss of memory.
Plaintiff attempted to work but was unable to continue in his regular job because of his injured knee. Plaintiff established that he lost 13 weeks wages and was earning $2.09 per hour and was working 40 hours per week, or a total of $1086.80. His medical expenses to the hospital were $1043.50; his medical bills to Dr. Littell for treating his eye and sinus was $130 and plaintiff is entitled to the following special costs: Engineer Aucoin, $35; Dr. Aswell, $50; Dr. Attaway, $50; Dr. Littell, $75; Dr. Briel, $50; and the court reporter for taking the deposition of Dr. Littell, $26.
For his pain, suffering and disability we feel $5000 would be a proper award.
For the reasons set forth above, the judgment of the district court is reversed and we now render judgment in favor of *506 the plaintiff, Orale Soileau, and against the defendant, Ashland Manuel, and his insurer, Marquett Insurance Company, individually and in solido, in the full amount of $6086.80.
It is further ordered, adjudged and decreed that there be further judgment in favor of the plaintiff and against the defendant for medical and hospital bills in the full sum of $1173.50.
It is further, ordered, adjudged and decreed that the defendants pay all costs of this suit including the sum of $286 special costs as above outlined.
Judgment reversed.
PER CURIAM.
Counsel for defendants has filed an application on January 21, 1959, in which he sets forth five errors committed by this court. Counsel for plaintiff by motion alleges that the application for rehearing of the defendant should be dismissed, and not considered by this court as it “was not filed on or before the fourteenth day after the rendition of the judgment complained of nor was said application filed on or before the fourteenth day after the service of the opinion and decree on defendants, which service defendant alleges to be January 6th, 1959.” Counsel for defendant correctly answers the motion to dismiss his re-hearing because the fourteen day period in which an application or rehearing must be filed in this court does not begin to run, under Section 24 of Article 7 of the Louisiana Constitution of 1921, LSA, until receipt of notice from the Clerk of the judgment, and since the application was filed on January 20th, it was within the fourteenth day or on the fourteenth day after January 6, 1959. However, the allegation of service of the opinion and decree having been received by defendants on January 6, 1959, was in error as the return receipt given for registered mail shows the 8th day of January 1959 as the correct date upon which the defendants received notice of the judgment in this case so that the application for rehearing was actually filed two days before the expiration of the delay.
We will not discuss the alleged errors which the defendants contend this court committed, as a reconsideration on the grounds set forth in the application for rehearing leave us with the conviction that our judgment is correct.
Counsel for the plaintiff also filed an application for a rehearing in which he alleges the failure of this court in its judgment to award interest at the rate of 5% per annum from the date of judicial demand, viz., August 31, 1956, upon the amount awarded plaintiff by this court. An examination of the judgment reveals that counsel’s point is well taken and it is therefore ordered that the judgment of this court be amended and that plaintiff be awarded 5% interest from judicial demand until paid upon the amount of the judgment herein.
Judgment amended and applications for rehearings refused.