REDMANN, Judge.
Defendant appeals from a judgment which gave plaintiff both the value of an automobile and the value of its lost use. We reduce the award to the automobile’s value, eliminating the duplicative award of lost use.
The automobile was delivered to defendant for replacement of its engine with one supplied by plaintiff. Defendant left automobile and engine outside, and delayed in accomplishing the work (more than plaintiff had expected). Parts were stolen from engine and automobile which defendant declined to replace. Finally defendant did repair the automobile, and used it to some extent for parts deliveries. The automobile itself subsequently disappeared.
Defendant’s argument that it had to supply and install parts at a charge of $102 which plaintiff refused to pay is not supported by the $102 invoice. The parts are trifles such as thermostat, oil filter and PCV valve, for installing which the $80 labor charges would have been a gross overcharge, especially since defendant was already to be paid an agreed price ($55) to replace the engine. The trial judge’s rear sons described defendant’s witness’s testimony as evasive and evidently disbelieved it. We cannot say the trial judge erred in this respect.
Defendant is liable as a depository for failure “to preserve [the thing deposited] and return it in kind,” C.C. 2926, and for failure “to use the same diligence in preserving the deposit that he uses in preserving his own property,” C.C. 2937.
But an award of the automobile’s market value is an award for its total value, which includes the value of its use. Thus the award of an additional $1,000 for loss of use is duplicative and must be eliminated.
The judgment is reduced to $1,150 with interest from judicial demand (as prayed) and otherwise affirmed.