346 So.2d 729 (1977)
Samuel Richard EXNICIOS
v.
J. L. MILLER and North River Insurance Company.
No. 11237.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
Roger R. Roy, New Orleans, Hugh B. Exnicios, Jr., Metairie, Liska, Exnicios & Nungesser, New Orleans, for plaintiff.
*730 Delos R. Johnson, Jr. and G. Wayne Kuhn, Franklinton, for J. L. Miller.
Before LANDRY, EDWARDS and COLE, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment rejecting his demands for damages for personal injuries sustained by his minor son, Valery P. Exnicios, in an accident in which a motorbike being operated by young Exnicios ran head on into an automobile belonging to defendant J. L. Miller and being operated by his minor daughter, Patricia. Appellant also appeals judgment in favor of Miller for $150.00 on Miller's reconventional demand for damages to his automobile. We affirm.
The accident occurred at approximately 1:30 P.M., May 30, 1971, a clear dry day. The scene of the accident was a curve on a narrow country gravel road near Mt. Hermon, Louisiana. The road, approximately 18 feet wide, allowed passage of vehicles proceeding with care. Traffic had worn two wheel ruts in the center of the highway, one on each side of the centerline, with loose gravel piled in between. Valery Exnicios, 13 years of age, was proceeding southerly on a Yamaha 50 Motorbike. Miss Miller was traveling northerly in her father's 1950 Chevrolet. Neither driver could see the other approaching because of heavy brush growing beside the highway. Both drivers concede they saw the other only a second or two before impact which admittedly occurred in Miss Miller's lane of travel.
Miss Miller testified she was proceeding northerly, accompanied by three acquaintances, including Lois Thornton, who occupied the right side of the front seat of her automobile. She was traveling with her car wheels in the ruts and at a speed of about 15 to 20 miles per hour. As she approached the curve she reduced her speed to about 5 to 10 miles per hour and moved to her right. She was negotiating the curve in this manner on her proper side of the road, and as she exited the curve, she suddenly observed the oncoming motorbike about 15 or 20 feet away and traveling directly toward her in the rut on her side of the road. She immediately applied her brakes and attempted to swerve left. Before she could change the direction of her car, the motorbike struck the right front fender and headlight. After impact, her vehicle traveled about 15 or 20 feet before stopping. The motorbike came to rest in the ditch on her side of the highway a few feet behind her car. Miss Miller's version of the accident was corroborated in large measure by the testimony of Miss Thornton.
Valery Exnicios testified he was proceeding southerly in his proper lane of travel at a speed of about 15 miles per hour. As he entered the curve, he saw the Miller vehicle "swinging wide" around the curve in his lane of travel, about 15 feet away. He estimated the speed of the Miller car at about 30 miles per hour when he first saw it. He stated the Miller car was mostly in the left lane of travel, its right wheels being slightly to the right of the centerline of the road. He did not apply his brakes but attempted to veer to the left which was the only portion of the highway open to him. He explained that he could not veer to his right because of the presence of a deep ditch on that side of the road. He conceded his vehicle was in the left lane of travel, but contends he took to the left lane to avoid the emergency created by Miss Miller's presence in his lane of travel.
It is settled law that a motorist who is involved in an accident while traveling in the wrong lane of traffic is presumed to be negligent and bears the burden of exculpating himself from such inference. Skinner v. Scott, 238 La. 868, 116 So.2d 696 (1959); Bunch v. Frezier, 239 So.2d 680 (La.App. 1st Cir. 1970); Kierum v. Stonewall, 247 So.2d 166 (La.App. 3rd Cir. 1971).
Appellant points to discrepancies in the testimony of Miss Miller concerning her speed and the distance her vehicle traveled following impact, which appear in her testimony given at trial, and a statement given by her following the accident. Because of these variances, Appellant urges her testimony *731 should be rejected. We initially note that trial of this matter was had almost five years after the accident. More significantly, however, the trial court saw and heard the witnesses and resolved these discrepancies in favor of defendants.
The trial court also rejected Appellant's contention that Miss Miller created a sudden emergency by traveling in the wrong lane and forcing Valery Exnicios into the left lane in an attempt to avoid an impending collision.
The findings of a trial court predicated upon the evaluation of witness credibility and reasonable inferences drawn therefrom, are not to be disturbed on appeal save upon a showing of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La. 1973). We find no manifest error in this instance. Indeed, we find no error whatsoever.
Appellant urges that defendant J. L. Miller should be held liable because he was negligent per se in allowing his 15 year old unlicensed daughter to drive a vehicle upon a public highway.
Violation of a criminal statute, in this case LSA-R.S. 32:52, which requires the driver of a motor vehicle to be licensed, does not constitute negligence and is not actionable unless the violation bears causal relation to the accident sued upon. Jones v. Insurance Company of North America, 303 So.2d 902 (La.App. 1st Cir. 1974). In this instance, there is no showing that Miss Miller was an incompetent or reckless driver to the knowledge of her father. Moreover, we find no error in the trial court's judgment which exonerated her from fault as regards the accident. Under the circumstances, her failure to have a driver's license bears no causal relation to the accident.
The judgment is affirmed at Appellant's cost.
AFFIRMED.