352 So.2d 188 (1977)
Alfred ALEXANDER
v.
QWIK CHANGE CAR CENTER, INC.
No. 59298.
Supreme Court of Louisiana.
November 14, 1977.
*189 Samuel Richard Exnicios, Roger R. Roy, Exnicios & Nungesser, New Orleans, for plaintiff-applicant.
James F. Mulla, Jr., New Orleans, for defendant-respondent.
SANDERS, Chief Justice.
The issue here is the liability of an automobile garage operator to an automobile owner for the loss of use of his vehicle converted by the operator to his own use.
In June, 1972, the plaintiff, Alfred Alexander, delivered his used automobile to Qwik Change Car Center, Inc. for repairs. After an inspection of the vehicle, for which plaintiff paid, the garage operator informed plaintiff that he needed a new engine. The operator agreed to install the replacement engine for $55. Plaintiff furnished the engine. At least sixty days elapsed before the work was begun. In the meantime, various parts were stolen from the automobile, which Qwik Change declined to replace. When the engine had been installed, the automobile was still inoperative. Qwik Change informed the plaintiff that an additional charge would be required for parts and labor to put the motor in operating condition. Plaintiff insisted that the agreement for $55 be honored. On October 31, 1972, the automobile owner filed this suit for damages.
Following the filing of the suit, Qwik Change completed the repairs and began to use the automobile in its business for the delivery of parts.
On November 5, 1973, plaintiff supplemented his original petition by alleging that Qwik Change had converted the automobile to its own use and sought recovery in tort for the value of the automobile and loss of use.
In 1974, prior to trial, the automobile disappeared while in defendant's possession.
Both lower courts rejected defendant's claim of a mechanic's privilege and dismissed his reconventional demand. That judgment is now final. For our partial review, we adopt the finding of the lower courts that defendant had no justification for retaining the automobile.
The district court awarded plaintiff $1,150 for the value of the automobile and $1,000 for the loss of use. The Court of Appeal affirmed the award for the value of the automobile but rejected the award for loss of use. 340 So.2d 685 (1976). On application of plaintiff, we granted writs to review the judgment insofar as it rejected the award for loss of use. La., 342 So.2d 869 (1977).
In rejecting the award, the Court of Appeal stated:
"But an award of the automobile's market value is an award for its total value, which includes the value of its use. Thus the award of an additional $1,000 for loss of use is duplicative and must be eliminated."
If we treat the breached relationship solely as one of compensated deposit, as the Court of Appeal did, or as a contract to repair the automobile, there can be no recovery for loss of use. In the breach of contracts of this type, the plaintiff can recover only pecuniary damages, that is, pecuniary loss or the deprivation of pecuniary gain. LSA-C.C. Arts. 2769, 1934; Meador v. Toyota of Jefferson, Inc., La., 332 So.2d 433 (1976); 23 Loy.L.Rev. 229; 51 Tul.L. *190 Rev. 749. In the present case, the record is barren of any evidence that the plaintiff rented a substitute vehicle during the period that his automobile was retained or incurred any related pecuniary loss. Hence, under this theory, he cannot recover for loss of use. DiGiovanni v. April, La.App., 261 So.2d 360 (1972); Aiken v. Moran Motor Company, La.App., 165 So.2d 662 (1964).
Plaintiff contends, however, that he alleged a tortious conversion of the automobile and is entitled to recover for the loss of use under Article 2315 of the Louisiana Civil Code regulating delictual responsibility. Plaintiff's contention has merit. Recently, in Meador v. Toyota of Jefferson, Inc., supra, rejecting nonpecuniary damages for the breach of an automobile repair contract, we stated:
"We also deem it worth noting, however fundamental, that unlike the rule which we are required by the Civil Code to apply in this action for breach of contract, damages for mental anguish, aggravation, distress and inconvenience, are recoverable in an action sounding in tort. La.Civil Code art. 2315; 2 M. Planiol, Traite elementaire de droit civil, no. 252 at 152 (11th ed., La.State L.Inst. tranl. 1959); 48 Tul.L.Rev., supra at 1171."
In tort cases, the courts have frequently awarded damages for mental anguish and inconvenience arising from the loss of use of property. See Grandeson v. International Harvester Credit Corp., 223 La. 504, 66 So.2d 317 (1953); Hamilton v. Travelers Indemnity Company, La.App., 248 So.2d 617 (1971); Gullatt v. Ashland Oil & Ref. Co., La.App., 243 So.2d 820 (1971); 48 Tul.L. Rev. 1171-1172; 51 Tul.L.Rev. 753.
The defendant, however, relying on the holding of the Court of Appeal, contends that an award for loss of use in addition to the value of the automobile would be duplicative. Although it cites no jurisprudence in support of this argument, it is apparent that defendant relies upon the decisions holding that one cannot recover for both the full value of a totally destroyed automobile and the loss of use after the destruction. See, e. g., Skinner v. Scott, 238 La. 868, 116 So.2d 696 (1959); Terrebonne v. Toye Bros. Yellow Cab Co., La.App., 64 So.2d 868 (1953).
In Skinner v. Scott, supra, this Court stated:
"One who recovers the full value of a chattel destroyed through the negligence of another cannot recover for the value of the use thereof after the same has been destroyed. The measure of damages in such case is the value of the property destroyed."
Under the above rule, however, an automobile owner is entitled to an award for loss of use arising from tortious conduct prior to the total loss. See Baremore v. Southern Farm Bureau Casualty & Ins. Co., La.App., 147 So.2d 58 (1962); Adam v. English, La.App., 21 So.2d 633 (1945).
In the present case, the record reflects that the operator converted the automobile to his own use more than a year prior to its loss. Hence, an award for the loss of use for this period is recoverable.
Normally, this Court has measured the damages for loss of use by the rental cost of a substitute vehicle. See Goode v. Hantz, 209 La. 821, 25 So.2d 604 (1946). The award, however, need not be restricted to rental. Nolan v. Liuzza, La. App., 301 So.2d 892 (1974). Much discretion is vested in the trial court. In the present case, there can be no doubt that the plaintiff suffered considerable inconvenience and mental anguish from the loss of use of his automobile prior to its disappearance. The trial judge awarded him $1,000. From the record, we cannot say that he abused his discretion.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the district court is reinstated and made the judgment of this Court. All court costs are assessed against the defendant.
MARCUS, J., dissents and assigns reasons.
*191 MARCUS, Justice (dissenting).
There is no proof of damages for loss of use by the rental cost of a substituted vehicle. In other words, there is no proof of a pecuniary loss. To allow recovery of damages for inconvenience and mental anguish for loss of use of a vehicle is too speculative. Accordingly, I dissent from the majority opinion.