**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| MARK GROTHE, | ) | No. 39010-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | ORDER DENYING |
| v. | ) | MOTION FOR |
| | ) | RECONSIDERATION |
| VICTOR KUSHNIVICH, and J. | ) | AND AMENDING |
| KUSHNIVICH, and the marital | ) | OPINION |
| community comprised thereof, | ) | |
| | ) | |
| Respondents. | ) | |

The court has considered respondents' motion for reconsideration of this court's opinion dated December 6, 2022, and is of the opinion the motion should be denied.

THEREFORE, IT IS ORDERED that the motion for reconsideration is hereby denied.

IT IS FURTHER ORDERED that the opinion shall be amended as follows:

A footnote shall be added to the following last sentence in the first full paragraph on page 11, to read:

No. 39010-1-III
*Grothe v. Kushnivich*

"The parties do not contest that Washington common law controls our analysis."[Fn]

_____

[Fn] After issuance of our opinion, Kushnivich moved for reconsideration and argues that "federal common law" of Carmack damages controls our analysis. Our review of state and federal authorities does not show any uniform "federal common law" of Carmack damages. But if there was, it would need to be "comprehensive enough to embrace all damages resulting from" a carrier's failure to discharge its duties. *N.Y., Phila. & Norfolk R.R.*, 240 U.S. at 38. Washington's common law of recoverable personal property damages is consistent with this comprehensive standard.

PANEL: Judges Lawrence-Berrey, Fearing, and Pennell

FOR THE COURT:

_____

LAUREL SIDDOWAY
CHIEF JUDGE

**FILED**
**DECEMBER 6, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARK GROTHE, | ) | No. 39010-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| VICTOR KUSHNIVICH, and | ) | |
| J. KUSHNIVICH, and the marital | ) | |
| community comprised thereof, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, A.C.J. — The Carmack Amendment to the Interstate Commerce Act of 1887, 49 U.S.C. § 14706, provides the exclusive remedy for goods damaged in interstate commerce by a common carrier. Carmack provides the cause of action, but applicable common law provides the measure of damages.

The question presented is whether recoverable damages include loss of use while the goods were being repaired and diminished value of the repaired goods. We hold they do.

We affirm the trial court's summary judgment dismissal of Mark Grothe's negligence claim, but we reverse its denial of his motion to amend to assert a claim under Carmack for loss of use while the goods were being repaired and for diminished value of the repaired goods.

No. 39010-1-III
*Grothe v. Kushnivich*

## FACTS

In 2019, Mark Grothe bought a new Volvo and had it shipped to his home by Victor Kushnivich. Along the way, Kushnivich's truck was involved in an accident, and Grothe's car suffered extensive damage. Grothe's insurance company paid to repair the Volvo, and it recovered the repair costs in a subrogation claim against Kushnivich's insurance company.

*Grothe's lawsuit against Kushnivich*

In October 2020, Grothe sued Kushnivich. As relevant here, his complaint alleged:

> 5. On or about April 3, 2019, the Defendant VICTOR KUSHNIVICH was driving a semi-truck pulling a trailer that was being used to transport . . . vehicles [including] Plaintiff's recently purchased Volvo . . . . Defendant KUSHNIVICH had been hired by the Plaintiff to transport his vehicle from California to Washington State. While traveling along the interstate in California, the Defendant lost control of his vehicle, causing the truck and trailer to veer off of the road and overturn. The Plaintiff's brand new vehicle was damaged in this incident.
> 6. . . . Defendant KUSHNIVICH negligently failed to maintain reasonable control of [his] vehicle and caused the Plaintiff's vehicle to fall off of his trailer. The aforesaid collision involving the Plaintiff's vehicle and the Defendant's vehicle was proximately caused by the tortious conduct of the Defendant KUSHNIVICH.
> 7. The Plaintiff MARK GROTHE has suffered damages for injury to his property, including, without limitation, physical damage to the vehicle involved in the collision, the cost to repair said damage, loss of use, rental expenses, storage costs, reduced fair cash market value of the

2

No. 39010-1-III
*Grothe v. Kushnivich*

> damaged property, and other out of pocket expenses, in an amount to be proved at the time of trial.
>
> 8.      The Plaintiff MARK GROTHE hereby notifies the Defendants . . . that he will not honor as a setoff defense to his claims any payments they or their insurers or representatives make for the damages set forth above to any party besides the Plaintiff MARK GROTHE particularly but not limited to his own auto insurer FARMERS. . . .

Clerk's Papers (CP) at 1-2.

In his answer, Kushnivich asserted a number of defenses, including that Grothe's claims were "preempted, in whole or in part, by federal statute(s), including 49 U.S.C. § 14706 *et seq.*"  CP at 7 (alteration in original).[1]

Through discovery, Grothe provided Kushnivich with his expert's reports on diminished value and loss of use damages.  Grothe's expert concluded that the Volvo's value was diminished due to "buyers' aversion to purchasing a vehicle that has residual physical damage."  CP at 72.  The report explained that some factory processes cannot be replicated in a body shop and that some repaired parts, such as metal that was bent and reshaped, "are never as strong at the molecular level as they were before they suffered

---

[1] The federal statute is the Carmack Amendment (Carmack).  Congress enacted Carmack in 1906 as part of the former Interstate Commerce Act and intended for it to provide the exclusive cause of action for loss or damage to goods arriving by interstate transportation by common carrier.  *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007).  Carmack constitutes a complete defense to common law claims of negligence alleging all manner of harm arising from property damage in interstate commerce.  *Id.* at 688-89.

3

No. 39010-1-III
*Grothe v. Kushnivich*

damage." CP at 72. The report stated that the Volvo's preloss value was $44,994 and its

postloss value was $27,465, for a diminution in value of $17,529. The same expert

provided a separate report that concluded Grothe lost $93 per day for the 105 days the

Volvo was in the shop being repaired, for a total of $9,765.

*Motion for summary judgment*

Kushnivich moved for summary judgment, arguing that Grothe's negligence claim

was preempted by Carmack and that even if Grothe pleaded a claim under Carmack, the

claim would be barred because Grothe was seeking a double recovery. The motion was

supported by documents showing that Kushnivich's insurance company had already

reimbursed Grothe's insurance company for repair costs.

In response, Grothe argued his complaint did plead a claim under Carmack. In the

alternative, he requested leave to amend his complaint, arguing that Carmack permitted

recovery for diminished value and loss of use in addition to costs of repair. His proposed

amended complaint differed from the original complaint in just two respects. It stated the

court had jurisdiction under 49 U.S.C. § 14706(d)(1) and it added the words italicized

below:

> 6.    . . . The aforesaid collision involving the Plaintiff's vehicle
> and the Defendant's vehicle was proximately caused by conduct of the
> Defendant KUSHNIVICH *that subjects him to liability under 49 U.S.C.*
> [*§*] *14706(d)(1).*

4

No. 39010-1-III
*Grothe v. Kushnivich*

CP at 102.[2]  Grothe failed to file any declaration supporting his claim for damages.

In reply, Kushnivich advanced a new argument that Grothe's request to amend his complaint should be denied because he failed to file a notice of claim with Kushnivich before bringing suit.  He reiterated that Grothe had been fully compensated for repair costs and that further damages would be a double recovery.

Grothe countered that he had no contractual obligation to file a notice of claim as a prerequisite to a civil suit and that if there was a requirement, Kushnivich had waived it by paying Grothe's insurance company's subrogation claim.

During oral argument of the motion, Grothe asserted he was only seeking damages for diminished value and for loss of use.  He conceded that he had been compensated for repair costs.

The court nonetheless expressed concern that Grothe was attempting a double recovery, "[H]asn't your client already recovered?  I mean, that's part of what's really troubling me here.  I mean, he got his car fixed and he's been compensated."  Report of Proceedings (RP) at 9.  The court noted that under Carmack, damage was limited to actual

---

[2] Grothe's summary judgment response stated that his proposed amended complaint was attached to his proposed order.  The proposed order is not in our record.  We presume the proposed amended complaint is the same as the one accompanying his reconsideration motion, which is in our record.

5

No. 39010-1-III
*Grothe v. Kushnivich*

loss and opined that if Grothe had already received the cost of repair, he could not receive diminished value as well, "It's one or the other, right?" RP at 10.

Kushnivich argued that if Grothe was seeking diminished value, he should have elected that as his measure of damages after the crash and should not have also repaired his car. Kushnivich asserted that despite the allegations in Grothe's complaint and the statement he would not honor a setoff defense, "in the face of summary judgment" Grothe had "suddenly pivoted" to accept a setoff for the cost of repairs. RP at 14.

The court concluded, "I believe that plaintiff's claims are preempted by Carmack and I will—I'm going to grant the motion." RP at 15. Its order granting summary judgment did not further explain its reasoning. The court without explanation also denied Grothe's request to file his proposed amended complaint.

*Motion for reconsideration*

Grothe moved for reconsideration of the court's decision, arguing it was contrary to law under CR 59(a)(7). For the first time, Grothe included his expert's reports on diminished value and loss of use damages. Grothe largely repeated his arguments in opposition to the motion for summary judgment, arguing that diminished value and loss of use damages were recoverable even where a plaintiff had received the costs of repair and that there was no notice of claim requirement.

6

No. 39010-1-III
*Grothe v. Kushnivich*


The court, without hearing argument, denied Grothe's motion for reconsideration.

Its written order stated:

> Plaintiff's state law negligence claim was preempted by the Carmack
> Amendment, 49 U.S.C. § 14706 *et seq.* ("Carmack"), warranting summary
> judgment, and Plaintiff's Motion to Amend Complaint was denied on the
> grounds the proposed amendment to add a Carmack claim was meritless,
> duplicative, and/or futile.

CP at 125 (alteration in original).

Grothe timely appealed.

## ANALYSIS

### A.   OBJECTION TO GROTHE'S BRIEF

Kushnivich objects to our consideration of Grothe's opening brief, which was filed

four days late.  To the extent this objection is meant as a motion to strike the brief, we

deny it.

Under RAP 10.2(i), we may impose sanctions under RAP 18.9 "for failure to

timely file and serve a brief."  RAP 18.9(a) in turn provides for the imposition of

monetary sanctions for a party "who uses these rules for the purpose of delay, files a

frivolous appeal, or fails to comply with these rules to pay terms or compensatory

damages to any other party who has been harmed by the delay or the failure to comply or

to pay sanctions to the court."  Striking Grothe's late-filed brief is not an appropriate

7

No. 39010-1-III
*Grothe v. Kushnivich*

remedy under RAP 10.2 and RAP 18.9, and Kushnivich identifies no harm caused by Grothe's delay that requires monetary compensation. We therefore deny Kushnivich's motion to strike Grothe's brief.

      B.       GRANT OF SUMMARY JUDGMENT

Grothe argues the trial court erred by construing his original complaint as not asserting a cause of action under Carmack. We disagree.

Washington is a notice pleading state. *Champagne v. Thurston Cnty.*, 163 Wn.2d 69, 84, 178 P.3d 936 (2008). An action is not dismissed simply because a complaint fails to artfully state each element of a particular cause of action. *Id.* at 84-87. Rather, notice pleading must "adequately inform the defendant of the nature of the plaintiff's claims as well as the legal grounds upon which those claims rest." *Reagan v. Newton*, 7 Wn. App. 2d 781, 801, 436 P.3d 411 (2019).

Here, Grothe's complaint repeatedly references negligence and never references Carmack. The parties—both below and on appeal—agree that Carmack preempts state negligence claims. We conclude, even under the generous notice pleading standards, that Grothe's complaint failed to assert a Carmack claim and the trial court did not err in dismissing it.

8

No. 39010-1-III
*Grothe v. Kushnivich*

C.    DENIAL OF REQUEST TO FILE PROPOSED AMENDED COMPLAINT

Grothe argues the trial court erred by denying his request that he be allowed to file his proposed amended complaint. We agree.

*Standard of review*

An appellate court reviews for an abuse of discretion a trial court's denial of a motion to amend a pleading. *Specialty Asphalt & Constr., LLC v. Lincoln Cnty.*, 191 Wn.2d 182, 199, 421 P.3d 925 (2018). To constitute an abuse of discretion, the trial court's decision must be manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Wilson v. Horsley*, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). If the trial court's ruling is based on an erroneous view of the law or involves application of an incorrect legal analysis, it necessarily abuses its discretion. *Dix v. ICT Grp., Inc.*, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).

*The amendment was not meritless, duplicative, and/or futile*

The trial court denied Grothe's request that he be allowed to file his proposed amended complaint because it believed the amended pleading was meritless, duplicative, and/or futile. We presume its reasons for believing this were based on Kushnivich's arguments that (1) the damages sought by Grothe were barred by Carmack or amounted to

9

No. 39010-1-III
*Grothe v. Kushnivich*

a double recovery, and (2) Grothe failed to file a prelitigation claim.  We address each

argument in turn.

### 1.     *Recoverable damages under Carmack*

Carmack permits recovery of "actual loss or injury to the property" caused by a

carrier over whose line or route the property is transported in the United States when

transported under a bill of lading.  49 U.S.C. § 14706(a)(1).  The statute does not define

"actual loss or injury to the property."  Nevertheless, the Supreme Court of the United

States long ago construed similar language consistent with our view that the damages

recoverable under Carmack extend beyond property damage.

In *New York, Philadelphia, & Norfolk Railroad Co. v. Peninsula Produce*

*Exchange of Maryland*, 240 U.S. 34, 38, 36 S. Ct. 230, 60 L. Ed. 511 (1916), the Supreme

Court construed an early version of Carmack that permitted recovery of "'any loss,

damage, or injury to such property.'"  The high court reasoned, "It is not necessary, nor is

it natural, in view of the general purpose of the statute, to take the words 'to the property'

as limiting the word 'damage' as well as the word 'injury,' and thus as rendering the

former wholly superfluous."  *Id.*  Construing "any loss, damage, or injury to such

property" broadly, it concluded that the phrase is "comprehensive enough to embrace all

damages resulting from any failure to discharge a carrier's duty with respect to any part of

10

No. 39010-1-III
*Grothe v. Kushnivich*

the transportation to the agreed destination." *Id.* Specifically, the court held that the shipper was entitled to recover for a carrier's failure to deliver the goods within a reasonable time. *Id.* Similarly, we construe the modern phrase, "actual loss or injury to the property" in a disjunctive manner, so as to permit recovery for "actual loss."

Carmack provides the cause of action but applicable common law provides the measure of damages. *Hector Martinez & Co. v. S. Pac. Transp. Co.*, 606 F.2d 106, 108 (5th Cir. 1979) (Carmack Amendment incorporates common law principles for damages). The parties do not contest that Washington common law controls our analysis.

In Washington, the measure of damages for loss caused to personal property is arrived at by a three-part analysis:

> "[1] If the property is a total loss the measure of damages is the value of the property destroyed or damaged. This is its market value, if it has a market value. [2] If the property is damaged but not destroyed, the measure of damages is the difference between the market value of the property before the injury and its market value after the injury. . . . [3] If the property does not have a market value, then if a total loss, the measure of damages is the cost to replace or reproduce the article. If it cannot be reproduced or replaced, then its value for the owner may be considered in fixing damages."

*Sherman v. Kissinger*, 146 Wn. App. 855, 871, 195 P.3d 539 (2008) (quoting *McCurdy v. Union Pac. R.R.*, 68 Wn.2d 457, 467, 413 P.2d 617 (1966)).

11

No. 39010-1-III
*Grothe v. Kushnivich*

Here, the property is not a total loss and a market value for the repaired Volvo

exists. Thus, recoverable damages are measured by the property's diminished value, i.e.,

the difference between the market value of the property before the loss and its market

value after the loss. This is consistent with our holding in *Moeller v. Farmers Insurance*

*Co.*, 155 Wn. App. 133, 142, 229 P.3d 857 (2010), that diminution in value is recoverable

if a repaired car cannot be fully restored to its preloss condition.

To the extent that Grothe pleads or requests double recovery, it must be denied. "It

is a basic principle of damages, both tort and contract, that there shall be no double

recovery for the same injury." *Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn. App.

697, 702, 9 P.3d 898 (2000). But as explained above, Grothe's claim of damages for

diminished value is not a double recovery. If the evidence shows his repaired Volvo has a

lower market value than the new Volvo he purchased, recovery for the difference is

proper.

Loss of use is also a recoverable component of damages. We have previously

explained:

> "In general, the plaintiff can almost always recover some measure of
> damages for a reasonable period of lost use. Loss of use claims are
> appropriate in the case of private chattels, such as the family car or the
> pleasure boat. . . .

12

No. 39010-1-III
*Grothe v. Kushnivich*

> Loss of use may be measured by (1) lost profit, (2) cost of renting a substitute chattel, (3) rental valued of the plaintiff's own chattel, or (4) interest."

*Straka Trucking, Inc. v. Estate of Peterson*, 98 Wn. App. 209, 211, 989 P.2d 1181 (1999) (quoting DAN B. DOBBS, LAW OF REMEDIES § 5.15(1), at 875 (2d ed. 1993)). Here, Grothe may recover the rental value of a new Volvo for a reasonable period of nonuse, likely the period during which the Volvo was being repaired. We conclude the trial court abused its discretion if it concluded that Grothe's request for damages was barred by Carmack or amounted to a double recovery.

### 2. *Prelitigation claim*

Kushnivich argues the amended complaint would have been futile because Carmack requires a plaintiff to file a prelitigation claim, and Grothe failed to do so. We disagree that Carmack requires plaintiffs to file a prelitigation claim.

Carmack permits carriers "to impose contractual time limitations for bringing suit, subject only to the statutory minimum of '9 months for filing a claim' and '2 years for bringing a civil action.'" *5K Logistics, Inc. v. Daily Express, Inc.*, 659 F.3d 331, 336 (4th Cir. 2011) (quoting 49 U.S.C. § 14706(e)(1)). The statute "'contemplates that limitation periods are to be bargained over between shipper and carrier'" and does not itself impose a limitation. *Id.* (quoting *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 707-08 (4th

13

No. 39010-1-III
*Grothe v. Kushnivich*

Cir. 1993)).  Rather, the limitations are to come from the "bill of lading or other contract

of carriage."  49 C.F.R. § 1005.2(a) (2021).

In support of his motion for summary judgment, Kushnivich asserted that Grothe

failed to file a prelitigation claim with him.  However, Kushnivich provided no bill of

lading or other contract of carriage that imposed a prelitigation claim requirement on

Grothe.  In the absence of an agreement between Kushnivich and Grothe imposing a

prelitigation claim requirement, Grothe's failure to file a claim with Kushnivich was not a

prerequisite to bringing this suit.

Kushnivich argues that his failure to issue a bill of lading does not impact the

prelitigation claim requirement, pointing to 49 U.S.C. § 14706(a)(1): "[f]ailure to issue a

receipt or bill of lading does not affect the liability of a carrier."  This provision does not

support Kushnivich's argument; indeed, it contradicts it.  That provision more fully reads:

> A carrier . . . shall issue a receipt or bill of lading for property it receives for
> transportation . . . .  That carrier and any other carrier that [transports or
> delivers the property] are liable to the person entitled to recover under the
> receipt or bill of lading.  The liability imposed under this paragraph is for
> the actual loss or injury to the property . . . .  Failure to issue a receipt or bill
> of lading does not affect the liability of a carrier.

49 U.S.C. § 14706(a)(1).  Put another way, the last line means that a carrier is liable for

damage to a shipper's property even if the carrier does not issue a receipt or bill of

lading—as appears to be the case here.  It does not impose a prelitigation claim

14

No. 39010-1-III
*Grothe v. Kushnivich*

requirement. We conclude the trial court abused its discretion if it believed a prelitigation claim was necessary in the absence of a contractual provision.

We remand for the trial court to allow Grothe to file his amended complaint and to proceed in a manner consistent with this opinion.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Fearing, J.

Pennell, J.

15